IN RE: PROBATE OF WILL OF LEVI E. (L. E.) MITCHELL

No. 738SC454

(Filed 22 August 1973)

Wills § 8— revocation of will by marriage — revocation unaffected by statute enacted before testator's death

Though a will is ambulatory and is entirely inoperative during the lifetime of the testator, a revocation is not ambulatory and is not dependent for effectiveness upon the law in force at the time of testator's death; therefore, upon the marriage of testator in 1963, his will which had been executed earlier was revoked *eo instanti* and immediately became a void instrument, notwithstanding amendment to G.S. 31-5.3 enacted prior to testator's death which provided that a will was not revoked by a subsequent marriage.

APPEAL by contestant Alma Mitchell from *Perry Martin, Judge,* 22 January 1973 Session of WAYNE County Superior Court.

Levi Mitchell died on 18 July 1972 leaving a paper writing executed 16 January 1963 purporting to be his last will and testament which was presented by the named executors, L. E. Mitchell, Jr., and Leon C. Mitchell, to the Clerk of Superior Court for probate in common form. The Clerk refused to admit the will for probate because it was the Clerk's opinion that the will had been revoked by decedent's marriage to Alma Mitchell after the execution of the will as a result of the provisions of G.S. 31-5.3 in effect at the time of his marriage.

In re Mitchell

The Clerk's order was appealed to the Superior Court, sitting without a jury, upon the following stipulated facts:

"1. Levi E. (L. E.) Mitchell died a resident of Wayne County on July 18, 1972. He was married three times. By his first wife, Rittie Bunn Mitchell, who died in 1923, he had three children: Levy Mitchell; Lois Mitchell Brewer; and Liza M. Beasley, deceased. Liza M. Beasley is survived by one child, Joe Mitchell Beasley (Rhodes). By his second wife, Esther Beasley Mitchell, who died in 1962, he had seven children: L. E. Mitchell, Jr., Pauline M. Faircloth, Leon C. Mitchell, Carole M. Mitchell, Joyce M. Cooke, Yvonne M. Evans, and David B. Mitchell.

2. After his second wife's death, the decedent executed a paper writing purporting to be his last Will and Testament dated January 16, 1963, wherein he devised all of his property to his seven children born of his marriage to Esther. This is the paper writing which has been submitted to the Court for probate. This document on its face meets all of the legal requirements of a valid written, attested Will.

3. In November, 1963, the decedent married Alma Mitchell, who survived him. No children were born of this marriage.

4. On or about August 14, 1972, the paper writing dated January 16, 1963 was presented to the Clerk of Superior Court, Wayne County by L. E. Mitchell, Jr. and Leon C. Mitchell, the Executors named therein, for probate. Affidavits have been secured from the witnesses to this paper writing and a hearing was held before the Clerk of Superior Court on the question of whether or not (sic) this paper writing should be probated. By Order dated October 16, 1972, the Clerk of Superior Court disallowed said paper writing to be probated for the sole reason that in the Clerk's opinion said paper writing had been revoked by decedent's marriage to Alma Mitchell subsequent to his execution of said paper writing.

5. This decision of the Clerk is now before the Superior Court on appeal and it is stipulated and agreed that the certified copy of a paper writing dated the 16th day of January, 1963, purporting to be the last Will and Testament of Levi E. Mitchell, deceased; application for probate and letters testamentary dated August 14, 1972 made by L. E. Mitchell, Jr. and Leon C. Mitchell; affidavits of probate of

Evelyn G. Davis and Velma L. Toler; and Order of the Clerk of Superior Court, disallowing probate, dated October 16, 1972, together with this stipulation; constitute all of the facts and documents necessary for determination of this case."

The court adopted the stipulations as its findings of fact and concluded as a matter of law "that due to the 1967 Amendment to G.S. 31-5.3, the paper writing purporting to be the last Will and Testament of Levi E. Mitchell was not revoked by his subsequent marriage and it should be probated." The paper writing was ordered admitted to probate and contestant appealed.

*Herbert B. Hulse, Braswell, Strickland and Rouse, by Roland C. Braswell, for contestant appellant.*

*Taylor, Allen, Warren and Kerr, by John H. Kerr III, for applicant appellees.*

MORRIS, Judge.

The sole issue for our determination is whether the will executed by Levi Mitchell (then unmarried) was revoked by his subsequent marriage at a time when G.S. 31-5.3 (providing for revocation of a will by a subsequent marriage) was effective although the statute was amended prior to his death to provide that a will is not revoked by a subsequent marriage of the maker.

At the time Levi Mitchell executed his will on 16 January 1963, G.S. 31-5.3 provided as follows:

*"Revocation by marriage; exceptions.*—A will is revoked by the subsequent marriage of the maker, except as follows:

(1) A will made prior to the marriage of the maker which contains an express statement to the effect that it is made in contemplation of marriage to a person named therein is not revoked by the maker's marriage to such person.

(2) A will made in the exercise of a power of appointment, or so much thereof as is made in the exercise of a power of appointment, if the real or personal estate thereby appointed would not, in default of such appointment, pass to the maker's heirs or next of kin, is not revoked by the maker's subsequent marriage."

There is no contention that Levi Mitchell's will was executed within the exceptions to former G.S. 31-5.3.

In re Mitchell

In November 1963, Mitchell married the contestant, Alma Mitchell. The 1967 General Assembly by Chapter 128, 1967 Session Laws, amended G.S. 31-5.3 to read as follows:

> *"Will not. revoked by marriage; dissent from will made prior to marriage.*—A will is not revoked by a subsequent marriage of the maker; and the surviving spouse may dissent from such ·will made prior to the marriage in the same manner, upon the same conditions, and to the same extent, as a surviving spouse may dissent from a will made subsequent to marriage."

As rewritten, G.S. 31-5.3 is made applicable to the wills of persons dying on or after 1 October 1967.

Appellees contend that because a will is ambulatory and speaks at the maker's death, the law applicable in determining whether a will has been revoked is the law in effect at the maker's death. Appellant argues, however, that Levi Mitchell's will was, upon his subsequent marriage, revoked *eo instanti* by operation of former G.S. 31-5.3. If appellant's contention is valid, it is .clear that there has been no revival of the will pursuant to G.S. 31-5.8 which provides as follows:

> *"Revival of revoked will.*—No 'will or any part thereof, which shall be in any manner revoked, can be revived otherwise than by a reexecution thereof, or by the execution of another will in which the revoked will or part thereof is incorporated by reference."

We agree with appellees that a will is an ambulatory instrument and is entirely inoperative during the lifetime of the testator. As stated by our Supreme Court, " 'the will of a testator is ambulatory even to his death,' which means, in other words, that it is not fixed legally, but may be changed even to the time of his death." *In re Bennett,* 180 N.C. 5, 11, 103 S.E. 917 (1920). Yet we do not agree that a revocation is ambulatory and dependent for effectiveness upon the law in force at the time of testator's death.

Revocation, being a thing done and complete, is not, in its nature ambulatory. The principles applicable to the reviving of wills revoked by acts of the makers are equally applicable to the reviving of wills revoked by operation of law, e.g., the effect of marriage; for in either case the will, being revoked, is of no effect until new life is given to it. *Sawyer v. Sawyer,* 52 N.C.

In re Mitchell

134 (1859). Under the statutory predecessor to former G.S. 31-5.3 a will revoked by the marriage of the testator could only be revived by a valid reexecution. *In re Will of Coffield,* 216 N.C. 285, 4 S.E. 2d 870 (1939). "The object of G.S. 31-5.3 [before amendment] is set out as plainly as language can do it. The statute provides that a person's subsequent marriage *ipso facto,* with certain exceptions, revokes all prior wills made by such person." *In re Will of Tenner,* 248 N.C. 72, 73, 102 S.E. 2d 391 (1958).

In *Wilson v. Francis,* 208 Va. 83, 87, 155 S.E. 2d 49 (1967), a case on "all fours" with the case *sub judice,* the Supreme Court of Virginia held as follows:

"[T]he fact that a will is ambulatory and speaks as of the maker's death does not preclude the General Assembly from enacting laws which revoke and declare a nullity an existing will upon the occurrence of a specified event such as marriage. After such a revocation, unless the will is revived in a manner prescribed by law, the will never speaks."

Likewise, we hold that upon the marriage of Levi Mitchell in 1963, his will was revoked *eo instanti* and immediately became a void instrument. Since there was no revival under G.S. 31-5.8, supra, it was error for the trial court to order the will admitted to probate.

While this case presents an issue of first impression in this State, other jurisdictions have ruled similarly upon the same basic facts. *Wilson v. Francis, supra; In re Estate of Stolte,* 37 Ill. 2d 427, 226 N.E. 2d 615 (1967) ; *Estate of Berger,* 198 Cal. 103, 243 P. 862 (1926). See also *Butte v. Crohn,* 8 Or. App. 284, 494 P. 2d 258 (1972), where a statute in effect at the time of testator's divorce provided that a will was revoked by divorce and it was held that testator's will, executed during his marriage and devising his entire estate to his former son, was revoked upon the divorce, even though the statute enacted subsequent to the divorce and prior to testator's death provided that divorce would revoke all provisions in the will in favor of the former spouse.

For the reasons stated above, the judgment of the trial court ordering the will of Levi Mitchell admitted to probate, must be reversed and the order of the Clerk of Superior Court denying probate be reinstated.

Reversed.

Chief Judge BROCK and Judge PARKER concur.