674 P.2d 1001 (1983)
In re the ESTATE OF Daniel RALSTON, Deceased.
Jean PHILLIPS, James Robert Anderson, Sheril Jean Talman, Bruce Wayne Anderson, and William Thomas Anderson, Petitioners-Appellants,
v.
Ruth Rebbecca LIECHTY, Arthur Lopkoff, Ida Ruth Woods, and Alexander Lopkoff, Respondents-Appellees.
No. 83CA0288.
Colorado Court of Appeals, Div. III.
October 13, 1983.
*1002 Law Offices of Theodore P. Koeberle, Theodore P. Koeberle, Ira E. Greschler, Boulder, for petitioners-appellants.
Quigley & Goss, R. Neil Quigley, Denver, for respondents-appellees.
BABCOCK, Judge.
Petitioners appeal the order of the trial court which denied their motion to set aside an order appointing a personal representative in intestate administration. We affirm.
In February 1963, Daniel Ralston executed a will naming Naomi Jean Anderson, a/k/a Jean Phillips, as residuary beneficiary, with the remainder to her children by her previous marriage. Phillips and her children are petitioners in this case. No specific bequest or devise was made in the will. The will specifically provided that Ralston's mother, brothers, and sisters take nothing by the will. The will stated that Ralston was unmarried and made no reference to future or contemplated marriage.
In October 1963, Ralston and Phillips were married. The marriage was dissolved in July 1968. Ralston died in June 1982, neither having remarried nor having executed a subsequent will.
Shortly after Ralston's death, his mother, Ruth Rebecca Liechty, respondent, was appointed personal representative of his estate and letters of administration in informal intestate administration were issued. Thereafter, Phillips moved to set aside the order with respect to the intestate estate proceeding. She alleged that Ralston died testate and presented in support of this allegation the will executed in February 1963. The trial court concluded that this will had been revoked under C.R.S.1963, 153-5-3.
C.R.S.1963, 153-5-3, provides in pertinent part:
"A will shall be revoked by, and only by, the subsequent marriage of the testator.... A will which by its terms is executed in contemplation of the marriage... of the testator ... to ... a person named in such will shall not be revoked by said marriage ... if the will expressly provides that it shall not be revoked by such marriage ...."
Section 15-11-508, C.R.S.1973, provides in pertinent part:
"If after executing a will the testator is divorced . . . the divorce . . . revokes any disposition . . . made by the will to the former spouse . . . unless the will expressly provides otherwise. Property prevented from passing to a former spouse because of revocation by divorce. . . passes as if the former spouse failed to survive the decedent...."
The issue on appeal is whether the trial court erred in ruling that Ralston's marriage to petitioner in October 1963 caused a revocation of the February 1963 will by operation of law under C.R.S.1963, 153-5-3, then in effect. Petitioners contend that § 15-11-508, C.R.S.1973, in effect at the time of Ralston's death, applies to the will. *1003 Petitioners argue that the revocation by divorce provision of § 15-11-508, C.R.S. 1973, applies only to testators who are married at the time of the execution of the will and since Ralston was not married when he executed the will in February 1963, Phillips' subsequent divorce from him was ineffective to cause a revocation as to her. In the alternative the petitioners argue that if § 15-11-508, C.R.S.1973, is construed to revoke Ralston's disposition as to Phillips, the estate would pass to her children.
Although a will does not become operable until the testator's death, Heinneman v. Colorado College, 150 Colo. 515, 374 P.2d 695 (1962), we do not agree with petitioners' contention that the effectiveness of revocation is dependent on the law in force at the time of the testator's death. See Bailey v. Kennedy, 162 Colo. 135, 425 P.2d 304 (1967). The statutory provisions regarding revocation of a will are the exclusive means by which a will can be revoked and must be strictly construed. In re Estate of Haurin, 43 Colo.App. 296, 605 P.2d 65 (1979).
Revocation is a "thing done and complete." In re Will of Mitchell, 19 N.C. App. 236, 198 S.E.2d 233 (1973). Revocation of a will is consummated upon the occurrence of the contingency provided for by the legislature. Wilson v. Francis, 208 Va. 83, 155 S.E.2d 49 (1967); see Bailey v. Kennedy, supra.
The statute in effect at the time of Ralston's marriage provides that a testator's subsequent marriage revokes any prior will, unless the will expressly provides otherwise. The statute is clear and unequivocal and contains no language which states or implies that revocation by subsequent marriage does not become effective until the death of the testator. See Bailey v. Kennedy, supra. The will recites that Ralston was unmarried and contains no language that it was executed in contemplation of marriage. Therefore, in the absence of express language providing otherwise, Ralston's will was revoked instantly upon his marriage in October 1963. See In re Matteote's Estate, 59 Colo. 566, 151 P. 448 (1915).
Although, the new probate code applies to wills of decedents dying after July 1, 1974, § 15-17-101(2)(a), C.R.S.1973, Ralston no longer had a will on that date because it had been previously revoked. In re Estate of Crohn, 8 Or.App. 284, 494 P.2d 258 (1972). Therefore, petitioner's argument is without foundation.
Judgment affirmed.
STERNBERG and TURSI, JJ., concur.