Battle, J.
 

 The pleadings, which seem to have been carefully and well prepared, according to the mode pointed out in the case of
 
 Whitfield
 
 v. Hurst, 9 Ire. Rep. 170, present for decision two questions: First, whether the articles executed by and between Jesse Copeland and Elizabeth Newby and their trustee, prior to their intermarriage, conferred upon the feme a power to make an appointment of the property therein mentioned, by a will made and published before the marriage? Secondly, if such power were given, did the marriage revoke the will made previously thereto ?
 

 We deem it unnecessary to express any opinion upon the first question, because we are entirely satisfied that if the will was properly made, by virtue of a power of appointment conferred by the marriage articles, it was revoked by the subsequent marriage, by force of the 10th section of our Act of 1844, ch. 33. That section declaresthat every will, made by a man or woman, shall be revoked by his or her marriage, except a will made in exercise of a power of appointment, when the real or personal estate thereby appointed, would not, in default of such appointment, pass to his or her heir, executor or administrator, or the person entitled as his or her next of kin, under the Statute of distributions.” By referring to the marriage settlement, which confers the power of appointment in this case, it will be seen that the will in question is not saved from the operation of the act; for, in default of appointment, there is no disposition of the property, either real or personal, and it would of course devolve the real upon her heir, and the personal upon her husband as her administrator* if he survived her, or upon her next of kin, if she survived him.
 

 But the counsel for the plaintiff contends, that this case is not affected by the Statute, which, he says, was passed for the purpose of protecting the marital rights of the husband; and was not intended to apply where the husband had knowledge of, and consented to, the making of the will under the power. Such does not seem to be the construction placed upon the English
 
 *20
 
 Statute, 7 Will. IY, & 1 Tie. eli. 26, sec. 18, of which ours is a verbatim cop}*-. See 1 Jarman on Wills 114. The English Statute was doubtless passed for the purpose of putting an end to the many nice and perplexing questions, which had grown out of a constructive revocation of tire will of a feme sole by her subsequent marriage, and of a man by his subsequent marriage and the birth of a child. Mr. Jarman, after stating and discussing these various questions, says that no such can arise since the Statute has gone into effect, and he concludes by remarking, that
 
 “
 
 the new rule, though it may sometimes produce inconvenience, has at least the merit of simplicity, and will relieve this branch of the testamentary law from the many perplexing distinctions which grew out of the pre-existing doctrine.”
 

 We, after mature deliberation, cannot doubt that our Act, copied as it is literally from the English Statute, having the same difficult and perplexing distinctions arising from the implied revocation of wills to deal rvith, intended to accomplish the same purpose by the same means. And we cannot hesitate to believe, that whatever slight inconvenience may be occasioned by the new rule, it will be amply compensated by its greater simplicity and certainty. Now, all wills, with a single exception, whether made by a man or woman, shall be revoked
 
 ipso
 
 facto, by his or her subsequent marriage; in consequence of which, the property will devolve up>on those to whom the law shall assign it, in case he or she shall die without making a subsequent disposition of it. The exception made by the Act, is Avhere the will is made in exercise of a power of appointment, when the property thereby appointed would not devolve, in default of appointment, upon those to whom the law would give it; and, therefore, the Statute will not interfere between the objects of the bounty of the grantor of the power, in default of appointment, and those upon whom the will, made under the power, may confer it. The judgment of the Court below was correct, and must be affirmed.
 

 Per Curiam. Judgment affirmed.