CLAUDE B. BARNETT v. FLORENCE CRAIG BELLOWS, WINEVA WITTER PHILLIPS, W. L. M. WITTER, Administrator of Estate of DELIA BUTLER WITTER, ET AL., Appellants.

Division Two, October 11, 1926.

**1. WILL: Subsequent Marriage of Female Testatrix: Revocation: Married Woman's Acts.** Section 510, Revised Statutes 1919, declaring that "a will executed by an unmarried woman shall be deemed revoked by her subsequent marriage," was not repealed by implication by the later married woman's acts, but is still in force.

**2. ———: ———: Statute: Repeal by Implication: Abrogation of Reason.** The fact that the reason for a statute no longer exists is no sufficient ground for a ruling that it has been repealed by implication by later statutes. Assuming that, since the enactment of the statute (Laws 1921, p. 117) declaring that a woman twenty-one years of age, whether married or single, may dispose of her real and personal property by will, there is no longer any reason for the existence of Section 510, Revised Statutes 1919, declaring that "a will executed by an unmarried woman shall be deemed revoked by her subsequent marriage," that is no sufficient ground for a ruling that Section 510 was repealed by implication by said later statute. A statute is repealed by implication only when it and a later statute upon the same subject are in such necessary conflict and repugnancy that both cannot stand. The reason for Section 510 may no longer exist; but statutes do not depend upon reason for their validity.

**3. ———: ———: Revocation: Republication.** The will of an unmarried woman having been by statute (Sec. 510, R. S. 1919) revoked upon her subsequent marriage, proof of oral declarations made by testatrix after her subsequent marriage and tending to show reaffirmation of the will as originally written is not sufficient or valid proof of republication. The

statute (Sec. 513, R. S. 1919) lays down certain formalities to be observed in republishing a revoked will, and oral declarations, made by the testatrix in the presence of and to the same witnesses, that she wishes her will made before her marriage to stand and to be as written, do not "duly" revive and give effect to a revoked will.

4. **STATUTE:: Constitutionality: Consideration on Appeal.** The constitutionality of a statute, made the basis of a judgment for plaintiff, is not for consideration on defendant's appeal, where its validity was not assailed in the answer or in the declarations of law, and no ruling thereon was made in the trial court, except that the court overruled a motion for a new trial, wherein an assignment was that the statute was unconstitutional, but no specific section of the Constitution was pointed out therein nor any suggestion made as to how or wherein the statute violated the Constitution.

Corpus Juris-Cyc. References: **Appeal and Error,** 3 C. J., Section 636, p. 742, n. 3. **Constitutional Law,** 12 C. J., Section 216, p. 785, n. 56; Section 217, p. 786, n. 70. **Statutes,** 36 Cyc., p. 1074, n. 37. **Wills,** 40 Cyc., p. 997, n. 39; p. 1000, n. 63; p. 1001, n. 78; p. 1200, n. 18; p. 1203, n. 25; p. 1204. n. 27; p. 1213, n. 92, 93; p. 1215, n. 6.

Appeal from Adair Circuit Court.—*Hon. James A. Cooley,* Judge.

AFFIRMED.

*Higbee & Mills, U. A. House* and *A. G. Knight* for appellants.

(1)   Section 510, R. S. 1919, is but declaratory of the common law enacted at a time when a married woman could not make a will, and when her incapacity to make a will after marriage prevented her from altering or revoking one made before marriage, and this incapacity constituted the reason upon which the common-law rule as to revocation by marriage was founded; and, since these "fetters" and disabilities have been one hundred per cent removed by enabling statutes, the reason of the rule has ceased to exist, and it has accordingly been held that the rule itself is repealed.   Kelley v. Stevenson, 85 Minn. 247, 89 Am. St. 545; Roane v. Hollingshead, 76 Md. 369, 35 Am. St. 441; In re Will of Lyon, 96 Wis. 339, 65 Am. St. 53; Will of Ward, 70 Wis. 251, 5 Am. St. 177; In re Hastings, 130 N. W. 134, 34 L. R. A. (N. S.) 1021; Young's Appeal, 39 Pa. St. 115, 80 Am. Dec. 513, note; 28 R. C. L. secs. 15, 16, note 4, p. 73.   (2)   By Sec. 506, R. S. 1919, any married or unmarried woman of eighteen years of age or upward may make wills of her realty or personalty.   Prior to 1865 a married woman could not dispose of her property by will, unless such power was given her by a marriage contract.   R. S. 1855, sec. 3, p. 1567; G. S. 1865, sec. 13, p. 464. (3)   Section 508, R. S. 1919, provides that "no will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, except by a subsequent will, in writing, or by burning,

cancelling, tearing or obliterating the same, by the testator, or in his presence, and by his consent and direction.'' The exception has reference to revocations implied by law from changes in the circumstances of the testator, his family, devisees, or estate, occurring between the time of making the will and his death, such as remarriage, etc.; and this same exception occurs in the statutes of Wisconsin, Minnesota and New Hampshire, and in fact in most of the states holding that the marriage of a woman does not revoke her will under existing enabling acts. Will of Ward, 70 Wis. 251, 5 Am. St. 175; Kelly v. Stevenson, 85 Minn. 247, 89 Am. St. 545; Hoitt v. Hoitt, 56 Am. Rep. 531; Young's Appeal, 80 Am. Dec. 513. (4) The contention that a single woman's marriage revokes her will, when in the next moment she may make it over is absurd, for ''the law does not operate to destroy and restore the same thing by the same breath.'' Roane v. Hollingshead, 35 Am. St. 441; Will of Ward, 70 Wis. 251. (5) Since women are by constitutional and legislative enactments now made equal with men in their property and personal rights, any statute discriminating against them, and abridging their rights to have their wills stand the same as men's, is an unjust and discriminatory classification and in violation of the equal rights clause of the Constitution, as well as being a special law and class legislation. Article XIV, sec. 1, U. S. Constitution; Mo. Constitution, art. 4, sec. 53; State ex inf. v. Southern, 264 Mo. 275, State ex. rel. v. Herrmann, 75 Mo. 340; Ewing v. Hoblitzelle, 85 Mo. 64; State v. Miksicek, 225 Mo. 576. (6) The evidence of Judge CALFEE, offered by defendants, and ruled out by the court, was competent on the question of a republication of the will, even though it be conceded the will was revoked by deceased's subsequent marriage. In re Will of Lyon, 96 Wis. 339, 65 Am. St. 52, note 54; Matter of McLarney, 60 Am. St. 666; 28 R. C. L. p. 122, sec. 75; Cravens v. Faulconer, 28 Mo. 19; Schierbaum v. Schemme, 157 Mo. 1; Grime v. Pittman, 113 Mo. 56; Bingaman v. Hannah, 270 Mo. 611; Maze v. Maze, 114 Mo. 536; Hughes v. Rader, 183 Mo. 630; Lindsay v. Stevens, 229 Mo. 600; Lane v. Lane, 114 Am. St. 207. (7) Section 510, is utterly inconsistent with Sections 506 and 537, R. S. 1919, and the latter section was enacted in 1917 (Laws 1917, p. 128), and all acts in conflict therewith were expressly repealed (Laws 1917, p. 129). Moreover ''an intention to repeal an act may be gathered from its repugnancy to the general course of subsequent legislation, as an instance of this rule may be mentioned the effect given to the statutes enabling married women to sue and be sued, upon the exemptions contained in their favor in the statutes of limitations.'' Kibbe v. Ditto, 93 U. S. 674, 23 L. Ed. 1005; Sec. 209, R. S. 1919; Haywood v. Gunn, 82 Ill. 385; Castner v. Walrod, 83 Ill. 171; Evos v. Buckley, 94 Ill. 458; Geisen v. Heiderich, 104

Ill. 537; Cameron v. Smith, 50 Cal. 303; Brown v. Conseno, 51 Me.
301; McLaughlin v. Spangler, 57 Miss. 818; State v. Smith, 83 N.
C. 306; State v. Troutman, 72 N. C. 551; Colcord v. Convoy, 40 Fla.
97; Ellis v. Darden, 11 L. R. A. 51. A statute may be repealed by
implication when there is such a repugnancy between the provisions
of the new law and the old, that they cannot stand together or
be consistently reconciled. Pacific Railroad Co. v. Cass County,
53 Mo. 28; United States v. Henderson, 20 L. Ed. 235; People v.
Burt, 43 Cal. 561; Forqueron v. Donally, 7 W. Va. 114. A con-
flict between sections may work a repeal. Stricklin v. Printing Co.,
249 Mo. 622. A statute revising the whole subject-matter of a form-
er statute, and evidently intended as a substitute for it, although it
contains no express words to that effect, repeals the former. State
v. Roller, 77 Mo. 120; State v. Hickman, 84 Mo. 79; Meriwether v.
Love, 167 Mo. 520; Kern v. Legion of Honor, 167 Mo. 484; State
ex rel. v. Wardell, 153 Mo. 325; Delaney v. Police Court, 167 Mo.
676.

*M. D. Campbell* and *D. M. Wilson* for respondent.

(1) The statutory rule that the will of an unmarried woman is
revoked by her subsequent marriage is not abrogated or impliedly
repealed by statutes conferring enlarged statutory capacity and
power upon married women. The so-called married woman's acts
do not repeal Sec. 510, R. S. 1919. Cohen v. Herbert, 205 Mo. 537;
Ellis v. Darden, 86 Ga. 368; Lathrop v. Dunlop, 400 N. Y. 213; L.
R. A. 1918B, 943; Colcord v. Conroy, 40 Fla. 97. (2) To justify
the repeal of a statute by necessary implication there must be such
a repugnancy and irreconcilable conflict between the statutes on
the same subject that both cannot stand. State ex rel. v. Taylor,
244 Mo. 393; Gordon v. Hopkins, 87 Mo. 406; St. Louis v. Kellman,
235 Mo. 687. (3) The right to take property by devise or de-
scent is a right, or more strictly speaking, a privilege, conferred by
the law of the sovereign (in this case, the State) and is not a natural
right. State ex rel. v. Henderson, 160 Mo. 190; State ex rel. v.
Guinotte, 275 Mo. 298. (4) The same authority and competency
are required, and the same solemnities and formalities must be ob-
served, to make a valid republication, as are necessary to make a new
will. Where the execution of the will requires attestation by two
or more witnesses, it cannot be revived after revocation except by
re-execution, or by codicil executed in the presence and under the at-
testation of the same number of witnesses. Woerner's Amer. Law
Administration, pp. 112, 113. (5) Under statutes requiring wills
to be executed with certain formalities, a duly executed will which
is revoked by operation of law, can only be revived by a re-execution

of the will.    40 Cyc. 1213 (II); Carey v. Baughn, 36 Iowa, 540; Stewart v. Mulholland, 88 Ky. 38; Brown v. Clark, 77 N. Y. 369; Means v. Ury, 141 N. C. 248.

BLAIR, J.—Action to have a will declared revoked.    From a judgment for plaintiff, defendants have appealed.

The testatrix was Delia Butler.    She was a widow of John P. Butler, a former circuit judge of this State, and was childless at the time she executed the will in question.    Subsequently she married one W. L. M. Witter.    No children were born of that marriage.    Respondent is a nephew of a deceased sister of testatrix. The residue of the estate, after making provision for certain small specific bequests, was given by the will to appellant Wineva Witter Phillips, a half sister of respondent Barnett.    The estate amounted to $40,000 or more.    Witter, the surviving husband of testatrix, demanded one-half of the estate under the provisions of Section 320, Revised Statutes 1919.

The trial court held that the marriage of testatrix, after she executed her will, revoked such will under the provisions of Section 510, Revised Statutes 1919, and found for plaintiff, respondent here.

Appellants offered testimony tending to show that, after her marriage to Witter, testatrix orally republished her said will.    This testimony was offered on the theory that, if the court held that the will was revoked under Section 510, by the marriage of testatrix, it was nevertheless in force at the time of the death of testatrix, because she had orally republished same.    The only questions for consideration, therefore, deal with the correctness of the trial court's rulings in such respects.

Section 510 reads as follows: "A will executed by an unmarried woman shall be deemed revoked by her subsequent marriage."

Appellants contend that said section has been repealed by implication because of the enactment of our several married woman's acts, including the right of a married woman to make disposition of her property by will.    On the other hand, respondent contends that the married woman's acts have not had such effect.

Appellants argue that Section 510 "is but declaratory of the common law enacted at a time when a married woman could not make a will, and when her incapacity to make a will after marriage prevented her from altering or revoking one made before marriage; and, this incapacity constituted the reason upon which the common-law rule as to revocation by marriage was founded; and, since these 'fetters' and disabilities have been one hundred per cent removed by enabling statutes, the reason of the rule has ceased to exist, and it has accordingly been held that the rule itself is repealed."

It is true that Section 510 is but declaratory of the common law. At common law a married woman could not make a will and dispose of her separate property unless in accordance with an antenuptial agreement. It was therefore necessary that marriage should be held to revoke a will made while the woman was single, because her subsequent marriage destroyed her power to change her will. When the common-law rule that married women could not devise their property by law was abrogated by statutes giving them the same right to make a will as was possessed by a *femme sole,* the rea son for the common-law rule, that the will of a single woman is re- voked by her subsequent marriage, ceased to exist, and, when the rea- son for the rule failed, the rule itself failed. Such in substance is the holding in the cases cited by appellants. However, the cases throughout the country are not all in harmony even upon that point.

But Missouri has enacted a statute on the subject which is declara- tory of the common law. Let it be assumed that there is no longer in this State any reason for the existence of Section 510, for the rea- son that, by Laws of 1921, page 117, a woman of twenty-one years or upwards, whether married or single, may dispose of her real and personal property by will. But the repeal of a statute by im- plication, on the ground that the reason for the existence of such statute has failed, is a thing far different from holding that a rule of the common law ceases to be in force when the reason for such common-law rule has failed.

A statute can be regarded as repealed by implication only when such statute and a subsequently enacted statute upon the same sub- ject are in such conflict that both cannot stand. This rule is well stated in one of the cases cited by respondent. [St. Louis v. Kellman, 235 Mo. 687.] The rule is so well established that citation of fur- ther authority is unnecessary.

Appellants have not undertaken to show that there is any nec- essary conflict or repugnancy between Section 510, providing for the revocation of the will of a single woman upon her subsequent marriage, and any subsequent statute. It may be granted that the reason for Section 510 no longer exists. But statutes do not depend upon reason for their force and vigor. It is sufficient that the Leg- islature enacted the statute and that it violates no constitutional restrictions. That Section 510 no longer serves any useful pur pose, because a woman upon her marriage may immediately execute the same character of will which she had executed while single, may also be granted. Yet, unless there is necessary and unavoidable con- flict or repugnancy between said section and statutes subsequently enacted, Section 510 must be held to be in force. No such conflict has been pointed out and we are unable to discover any.

315 Mo.—70.

The right to dispose of property by will is not a natural right. It is entirely competent for the Legislature to regulate both the manner and the extent of such disposition or to impose such restrictions or conditions thereon as it wills. [State ex rel. McClintock v. Guinotte, 275 Mo. 298, l. c. 310 to 315.] As the Legislature has not seen fit expressly to repeal Section 510, it must be regarded as in full force and effect, because the Legislature has not enacted subsequent laws upon the same subject which can be said to be in conflict therewith. It may be that the Legislature should repeal said section as a useless incumbrance upon our statute books. But it is sufficient for the courts that the Legislature has not done so.

In Cohen v. Herbert, 205 Mo. 537, it was held that the will there being considered might have been contested upon the ground that testatrix contracted marriage after the will was executed. But, as the will was not contested upon that ground within five years and said will had been duly probated in New York, the will, made while testatrix was single, was given full force and effect in this State. The case really rode off on the last consideration named and the court merely assumed, without fully considering the question, that what is now Section 510 was in full force and effect. Hence what was there said about the effect of said section was *obiter*. But we think it was a correct statement nevertheless.

In the State of New York a statute provided that upon marriage a single woman's will "shall be deemed revoked." It was held that the so-called married woman's acts giving married women the right to make wills did not repeal the statute. [Lathrop v. Dunlop, 4 Hun (N. Y.) 213.] See also Brown v. Clark, 77 N. Y. 369, and Matter of McLarney, 153 N. Y. 416.

We hold that Section 510 is still in force and that the trial court did not err in applying such statute to the will in question and in holding that said will was revoked by the subsequent marriage of testatrix.

We will next consider whether the court erred in refusing to admit testimony tending to show an oral republication of the will by testatrix after her marriage. The offer of proof made by applicants was that, within two or three days after her marriage to Witter, testatrix called at the office of Judge Calfee, who drew the will and signed it as one of the witnesses, and that testatrix, in the presence of Judge Calfee and his daughter, who also witnessed the will, then and there orally declared in substance that the will was as she wanted it and that she wanted said will to stand and to be as it had been written.

We have examined the cases cited by appellants. They relate only to the formalities required to be observed in the publication

and attestation of a will when first executed and do not discuss the requirements attending the republication of a will.

We have no doubt that the proof tendered would constitute sufficient proof of publication, if made at the time the will was originally executed and signed by the witnesses. But where the statute lays down certain formalities to be observed in the execution of the will itself, proof of oral declarations made by the testatrix tending to show reaffirmation of the will as originally written does not constitute sufficient or valid proof of republication. [40 Cyc. 1213; Carey v. Baughn, 36 Iowa, 540, and cases cited; Stewart v. Mulholland, 88 Ky. 38, 1. c. 45; Means v. Ury, 141 N. C. 248.]

Section 513, Revised Statutes 1919, is as follows:

"If, after making any will, the testator shall duly make and execute a second will, the destruction, canceling or revocation of any such second will shall not revive the first will, unless it appear, by the terms of such revocation, that it was his intention to revive and give effect to the first will, or unless he shall duly republish his first will."

While this statute does not provide for reaffirmation or republication of a will revoked by law, such as Section 510 declares to be the result of the subsequent marriage of a testatrix, it throws some light on the attitude of our Legislature upon the formalities required to be observed in republishing revoked wills. Under said Section 513, when a second will is destroyed, a former will cannot be revived unless it appears *by the terms of the revocation* of the second will that it was the intention of testator to revive and give effect to the first will, or unless he shall *duly* republish his first will. The word "duly" can only mean that the formalities required by the statute are observed. The cause "terms of the revocation" indicates a revocation in writing.

We, therefore, hold that the trial court did not err in excluding the proof offered which tended to show an oral republication of the will.

Appellants contend that the trial court erred in holding Section 510 to be constitutional. We do not find that the constitutionality of said statute was assailed in the answer or raised in declarations of law presented to the court. We find no ruling of the court on the point anywhere, except that such an assignment was made in the motion for new trial, which was overruled by the court. No specific section of the Constitution was there pointed out as violated by said section, nor was it anywhere suggested how the Constitution was violated. The supposed constitutional question is not properly before this court and does not require our consideration.

The judgment is affirmed. All concur.