F. L. MOORE v. W. R. MOORE.

(Filed 19 March, 1930.)

**Wills D a—Where objection is not made that proceeding is collateral attack upon will, judgment that will was void will not be disturbed.**

A will probated in common form will stand until set aside in a direct proceeding, but where the probate is attacked in a suit to remove a cloud upon title to lands, and objection is not made that the action is a collateral attack upon the will, and trial has been accordingly had, a decree of the court that the will was revoked by the subsequent marriage of the testator and that the deed tendered by the plaintiff conveyed a good title, will be upheld.

CIVIL ACTION, before *Small, J.,* at February Term, 1930, of HARNETT.

Pharoh J. Stancill owned the land in controversy, and on 1 November, 1906, executed a paper-writing purporting to be his last will and testament. Thereafter, on 2 February, 1908, Pharoh J. Stancill married Narcissa A. Moore. At the time of his death he left surviving him no child or children or issue of such, but left eight half brothers and sisters and a widow. The plaintiff is one of the half brothers and claims a one-eighth undivided interest in said land subject to the dower of the widow. On 23 December, 1929, the will of said Pharoh J. Stancill was duly admitted to probate. The plaintiff offered to sell his one-eighth undivided interest to the defendant, and the defendant agreed to purchase said land, but refused to accept the deed upon the ground that the will of Pharoh J. Stancill constituted a cloud upon the title. The cause was submitted to the trial judge, who was of the opinion that the will was revoked by the subsequent marriage of testator, and that the deed tendered by plaintiff to defendant conveyed a good and valid title, from which judgment the defendant appealed.

*Clifford & Williams for plaintiff.*

*West & Williford for defendant.*

PER CURIAM. C. S., 4134, provides that subsequent marriage, with certain exceptions, revokes all prior wills made by a testator. *Means v. Ury,* 141 N. C., 248, 53 S. E., 850; *In re Bradford,* 183 N. C., 4, 110 S. E., 586.

The probate of a will in common form is binding and conclusive until set aside by a direct proceeding. *Mills v. Mills,* 195 N. C., 595, 143 S. E., 130; *In re Will of Cooper,* 196 N. C., 418, 145 S. E., 782. However, the present proceeding was treated by the parties as an action to remove the probate as a cloud upon title, and hence no point was made that the proceeding constituted a collateral attack upon the will.

Upon such state of the record the judgment is

Affirmed.