J. L. HALSEY v. CLARA E. SNELL, EXECUTRIX OF A. D. SNELL.

(Filed 28 September, 1938.)

**1. Wills § 5—In action for breach of contract to bequeath, evidence of financial worth of testate at that time is irrelevant.**

Where plaintiff introduces competent evidence that defendant's testate promised to bequeath plaintiff a certain sum of money in consideration of plaintiff's forbearing to sue for injuries received in intestate's logging mill, evidence that the financial worth of testate at the time of the alleged contract was little more than the amount plaintiff claimed testate promised to bequeath him, is irrelevant.

**2. Trial § 31—Instruction held for error as expression of opinion as to credibility of testimony.**

Plaintiff introduced testimony of several witnesses tending to establish the contract sued on. In its charge, the court named only two of plain-

tiff's witnesses and instructed the jury that if they believed the testimony of these two witnesses, and found by the greater weight of the evidence the facts to be as they had testified, to answer the issue in plaintiff's favor, *is held* prejudicial as amounting to an intimation that the jury might disregard the testimony of the rest of plaintiff's witnesses, or that such evidence was without significance.

APPEAL by plaintiff from *Bone, J.,* at January Term, 1938, of WASHINGTON. New trial.

The plaintiff sued for damages arising out of a breach of an alleged contract between himself and the deceased, A. D. Snell, by the terms of which Snell had agreed to make a will in which he would leave $10,000 to the plaintiff, in consideration for injuries done to the latter while working in a logging mill for Snell, and in consideration of foregoing suit upon this claim.

Snell died some years later, leaving the plaintiff nothing by his will.

The plaintiff introduced evidence tending to show the nature and seriousness of the injuries he had sustained at the mill, the existence of the alleged contract, and the failure of Snell to provide for him in the will as agreed. Plaintiff introduced a number of witnesses, among them Mrs. J. L. Halsey, his wife, Mrs. J. W. Halsey, his mother, Paul Woodley, Louis Bateman, A. R. Patrick, W. B. Cox, and various other persons, whose testimony was directed toward establishing the contract.

Of these Mrs. J. L. Halsey and Paul Woodley testified that they heard the contract made between the plaintiff and Snell, and related its terms. Louis Bateman testified that Snell told him that "Johnnie"— the plaintiff—"was going to sue him but that he had made it all right with him and was going to leave him $10,000 in his will." A. R. Patrick testified that Snell told him that "Johnnie had got hurt in a log mill of his and he was going to give him $10,000 at his death." Mrs. J. W. Halsey, a sister of Asa Snell and mother of the plaintiff, testified that she had a conversation with Snell, in which he told her he had heard "Johnnie was going to sue him," and she had suggested that Asa ought to help him. Snell said he "was going to leave Johnnie $10,000 in his will, and asked her to tell him so," which she subsequently did. This witness testified further that she saw Snell later and he told her he had "seen Johnnie and made it all right with him by telling him he was going to leave him $10,000, and he said Johnnie had agreed not to enter any suit against him."

The defendant executrix, in rebuttal, introduced evidence tending to show the value of Snell's property at the time of the alleged contract, to which plaintiff objected and excepted.

Upon the issue relating to the existence of the contract the trial judge instructed the jury, as follows:

"I instruct you, gentlemen, that if you believe the evidence of the plaintiff's wife, Mrs. J. L. Halsey, and the evidence of the plaintiff's witness, Paul Woodley, and find by the greater weight of the evidence the facts to be as their evidence tends to show, you would answer the first issue 'Yes.' If you do not so find, do not believe their evidence, you would answer the issue 'No.' "

To this plaintiff excepted.

*W. M. Darden, Jr., Z. V. Norman, and McMullan & McMullan for plaintiff, appellant.*

*W. L. Whitley, H. S. Ward, and Rodman & Rodman for defendant, appellee.*

SEAWELL, J. We have set out in some detail the portions of the evidence relating to the two exceptions we think it proper to consider.

(a) An aggrieved party may recover for the breach of a contract, made upon sufficient consideration, that the promisor will make him the beneficiary of a bequest or devise in his will, but such a contract must be established by the mode of proof legally permissible in establishing other contracts.

In the case at bar the defendant introduced, in rebuttal, evidence tending to show that the financial worth of deceased at the time of the alleged contract was little more than the amount he promised the plaintiff, to be given in his will.

If we were considering the will itself, with reference to its construction, or upon an issue of *devisavit vel non,* evidence of the testator's financial worth and details as to the value of the component parts of his estate might be relevant upon some of the questions involved. Here, however, the contract is entirely separate from the will and the relevancy of the evidence is not aided by the fact that the subject of the contract is a testamentary disposition of property. At best, the proposed evidence is of such doubtful import that we must consider it irrelevant.

(b) Generally speaking, it is error for the trial court to single out any of a number of witnesses and give the jury an instruction bearing upon the issue, based solely upon the credibility of such witnesses, and upon the facts as testified by them. In this case it cannot be said that the testimony of Mrs. J. L. Halsey and Paul Woodley constituted all the evidence tending to prove the contract, or that the evidence of some of the other witnesses mentioned—for instance, that of Mrs. J. W. Halsey—had no other function than to corroborate them. The plaintiff is, therefore, prejudiced because the jury may have construed the instruction as an intimation that they might disregard other evidence

supporting plaintiff's claim, or that such evidence was without significance. *Taylor v. Meadows,* 182 N. C., 266, 267, 108 S. E., 755; *Bowman v. Trust Co.,* 170 N. C., 301, 87 S. E., 46; *Jackson v. Commissioners,* 76 N. C., 282; *Anderson v. Steamboat Co.,* 64 N. C., 399.

Upon the errors noted, the plaintiff is entitled to a

New trial.