PETE CHASON v. JESSIE MARLEY AND LENA MARLEY.

(Filed 3 January, 1945.)

1. **Frauds, Statute of, § 13—**

In an action on a contract to convey land, the defense being that the contract is not in writing as required by G. S., 22-2, the parties sought to be charged may simply deny the contract or plead the statute of frauds, or they may do both, and if either plea is made good the contract cannot be enforced.

2. **Frauds, Statute of, § 14—**

A contract which the law requires to be in writing can be proven only by the writing itself, not as the best evidence, but as the only admissible evidence of its existence; and it must adequately express the intent and obligation of the parties. Parol evidence cannot be received to supply anything which is wanting in the writing to make it the agreement on which the parties rely.

3. **Same—**

Receipts for principal and interest and for taxes, in which no mention is made of any agreement by the person signing same to sell or convey land, are insufficient under the provisions of G. S., 22-2.

APPEAL by plaintiff from *Burney, J.,* at May Term, 1944, of ROBESON.

This is a civil action upon an alleged contract between plaintiff and defendants for the purchase and sale of real property owned by the defendants in the town of Lumber Bridge, county of Robeson, wherein the plaintiff alleges the contract, the performance thereof on his part, by making the agreed payments of principal and interest monthly, and the payment annually of the insurance premiums and taxes on the property, and the nonperformance of the contract by the defendants by declining to convey the property to the plaintiff upon his demand for such conveyance. The plaintiff seeks specific performance of the alleged contract. The defendants answer and deny the contract and the plaintiff's performance thereof, and plead the statute of frauds.

When the plaintiff had introduced his evidence and rested his case the defendants moved the court for a judgment as in case of nonsuit, or to dismiss the action (G. S., 1-183), which motion was allowed, and from judgment predicated on such ruling the plaintiff appealed, assigning error.

*F. D. Hackett and Varser, McIntyre & Henry for plaintiff, appellant.*
*Robert H. Dye for defendants, appellees.*

SCHENCK, J.   The defendants, the parties sought to be charged in this action, could simply deny the contract alleged, or they could plead the statute of frauds, or they could do both as they have elected so to do, and if either plea is made good the said contract cannot be enforced, and the action cannot be maintained.   *Henry v. Hilliard,* 155 N. C., 372, 71 S. E., 439, and cases there cited.

The plaintiff relied upon certain receipts given to him from time to time by the defendants and certain checks given by him to defendants which were accepted, endorsed, and cashed by the defendants to satisfy the statute of frauds (G. S., 22-2).   The statute reads: "All contracts to sell or to convey any lands, . . . or any interest in or concerning them, . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized."

The receipts relied upon by the plaintiff to satisfy the statute are substantially in the following words: "Received of Pete Chason Thirty-five & no/100 Dollars, $25.00 on principal, $10.00 on interest.   $35.00. Jessie Marley."   None of such receipts or checks given therefor make any mention of an agreement by the defendants to sell.   The plaintiff likewise relied upon certain receipts from the defendants for taxes paid by him on the property.   These receipts are in substantially these words: "Received of Pete Chason Thirteen & 05/100 Dollars for 1941 taxes on house and lot.   $13.05.   Jessie Marley."   None of these receipts make any mention of an agreement by the defendant to sell.   "A contract which the law requires to be in writing can be proved only by the writing itself, not as the best, but as the only admissible evidence of its existence."   *Morrison v. Baker,* 81 N. C., 76; *Bonham v. Craig,* 80 N. C., 224.   "The agreement must adequately express the intent and obligation of the parties.   Parol evidence cannot be received to supply anything which is wanting in the writing to make it the agreement on which the parties rely."   *Mayer v. Adrian,* 77 N. C., 83.   See, also, *Keith v. Bailey,* 185 N. C., 262, 116 S. E., 729; *Simpson v. Lumber Co.,* 193 N. C., 454, 137 S. E., 311; *Kluttz v. Allison,* 214 N. C., 379, 199 S. E., 395; *Smith v. Joyce,* 214 N. C., 602, 200 S. E., 431.

Since the contract upon which the plaintiff's alleged cause of action is bottomed rests solely in parol, and since the said contract is one to sell and convey lands and no memorandum thereof has been put in writing and signed by the party charged therewith, or by any person by him thereto lawfully authorized, it cannot, under the statute, be enforced. The evidence adduced is legally insufficient to support the alleged contract.

Holding as we do that the evidence does not satisfy the statute of frauds and that the alleged contract to convey lands therefore cannot be

enforced, it becomes unnecessary for us to decide the question posed on the record as to whether Jessie Marley was duly authorized to act for and bind her codefendant, Lena Marley.

For the reasons given, the judgment of the Superior Court dismissing the action at the cost of the plaintiff and his surety must be affirmed, and it is so ordered.

Affirmed.