GROVER POTTER, BY HIS NEXT FRIEND, SIMON HARDISON, v. BELIA SMITH CLARK, ADMR'X. of MARQUETTE POTTER CHASE.

(Filed 13 October, 1948.)

**1. Executors and Administrators § 15d—**

Plaintiff's evidence tending to show that he rendered valuable services to his foster grandmother, which services were rendered and accepted in expectation of compensation, *is held* sufficient to be submitted to the jury in an action against the foster grandmother's estate to recover the reasonable value of the services for the three years next preceding her death, the evidence being sufficient to rebut the presumption arising from the family relationship that the services were gratuitously rendered.

**2. Same—**

In this action by plaintiff to recover the reasonable value of services rendered his foster grandmother, allegations in the answer to the effect that the care and maintenance given plaintiff by his foster grandmother prior to her death exceeded the value of his services, though denominated a counterclaim, is treated as a further denial of plaintiff's right to recover, since defendant offered no evidence to support a counterclaim, and the defense was properly presented to the jury in a charge free from prejudicial error.

APPEAL by defendant from *Frizzelle, J.,* at May Term, 1948, of WAYNE. No error.

This was an action to recover for personal services rendered defendant's intestate. There was verdict for plaintiff, and from judgment thereon, defendant appealed.

*George E. Hood for plaintiff, appellee.*
*J. Faison Thomson and Roy M. Sasser for defendant, appellant.*

DEVIN, J.   The evidence in this case unfolded an unusual background. In 1927, when the plaintiff was one year old, his mother Cora Mitchell was fatally injured in an automobile accident and the child was taken into the home of his maternal grandfather Thomas Potter, and his second wife Marquette Potter. The boy's name was changed to Grover Potter, and he lived in this home until his grandfather died in 1938, and thereafter he continued to live in the home with his foster grandmother Marquette Potter, except for about eight months in 1945, when he was in military service of the United States. He assisted his grandmother in the operation of a small grocery store. On the 4th day of June, 1946, Marquette Potter, in contemplation of a second marriage, and desiring to make some provision for Grover, executed a will in which she devised to him and his child a house and lot in Goldsboro, and on June 7th she married Will C. Chase, and the following day, June 8th, she suddenly became ill, and died that night. In accordance with the statute, G. S., 31-6, the attempted will was declared void as having been revoked by her subsequent marriage, and the intended devise to Grover Potter lapsed. The house and lot, together with all other property of Marquette Potter Chase, passed to her daughter Belia Smith Clark, who qualified as administratrix of her estate. Thereafter the plaintiff Grover Potter filed claim with the administratrix for compensation for services rendered the intestate, and when his claim was rejected instituted this action therefor.

The plaintiff offered evidence tending to show that valuable services were rendered the decedent by the plaintiff, that she manifested her intention that payment be made therefor, and that the services were rendered and accepted in expectation of compensation. Evidence was also offered as to the reasonable value of the services. The defendant's evidence tended to minimize the value of any services rendered, and to show that the care and maintenance of the plaintiff and payments made him more than compensated him for services rendered. The jury, however, accepted the plaintiff's view, and answered the issue in his favor, awarding him $1,200 compensation for his services for three years next preceding the death of the intestate.

Defendant's motion for judgment of nonsuit was properly denied, nor do we perceive any substantial error in the court's ruling on questions of

evidence. The court charged the jury, in accord with the decisions of this Court, that notwithstanding the family relationship existing between Mrs. Potter and the plaintiff, if the jury should find from the evidence and by its greater weight that plaintiff rendered valuable services to her in the expectation of receiving compensation, and that Mrs. Potter received and accepted the benefit of those services with the expectation and intention of paying therefor, this would overcome the presumption that the services were gratuitously rendered, and the jury should answer the issue in favor of the plaintiff in such amount as they should find from the evidence and by its greater weight would fairly compensate him for services rendered during the three years next preceding her death. *Francis v. Francis,* 223 N. C., 401, 26 S. E. (2d), 907; *Landreth v. Morris,* 214 N. C., 619, 200 S. E., 378; *Nesbitt v. Donoho,* 198 N. C., 147, 150 S. E., 875.

In her answer defendant had alleged that her intestate paid out for the care and maintenance of plaintiff amounts in excess of the value of his services. She denominated this a counterclaim but offered no evidence to support a counterclaim, and this allegation may be regarded only as a further denial of plaintiff's right to recover. It was doubtless so intended by the pleader. The defendant complains now that this was not properly presented to the jury, but from an examination of the entire charge we observe that the court called the attention of the jury to the defendant's contention on this point that the intestate spent in providing for the plaintiff and in giving him money more than his services were worth, and the evidence relating thereto was submitted to the jury, among the other matters, to be considered by them in determining the issue. *Young v. Herman,* 97 N. C., 280 (285); *Sanders v. Ragan,* 172 N. C., 612, 90 S. E., 777. No prejudicial error on this score sufficient to require the granting of a new trial has been made to appear. On the whole case we think the verdict and judgment should be upheld.

No error.