IN THE MATTER OF THE WILL OF LUKIE L. TENNER, DECEASED.

(Filed 19 March, 1958)

**Wills § 13—**

> In those instances not coming within the exceptions enumerated in the statute, the marriage of the testator after the execution of the will revokes it *in toto* and not only to the extent necessary to permit the widow to share in the estate. G.S. 31-5.3.

APPEAL by propounders from *Pless, J.,* November 1957, Schedule A, Civil Term of MECKLENBURG.

Caveat by the widow to the will of her deceased husband, Lukie L. Tenner.

All the evidence shows these facts: On 3 March 1951 Lukie L. Tenner duly executed his will devising and bequeathing in fee simple all his property to his two brothers, Sol Tenner and Albert Tenner, with a provision that if either be dead at the death of the testator his share shall go to the survivor, and appointing them, or the survivor, executors of his will. On 25 November 1951 Lukie L. Tenner married Willie Mae Irby Tenner. Lukie L. Tenner died 27 July 1957. On 28 August 1957 the executors named in the will tendered the will of Lukie L. Tenner duly executed on 3 March 1951 for probate, and it was duly admitted to probate in common form. On 12 September 1957 Willie Mae Irby Tenner filed a caveat to her husband's will, alleging that, pursuant to G. S. 31-5.3, it was revoked by her husband's subsequent marriage to her. No children were born of the marriage. Lukie L. Tenner left surviving at his death his two brothers named in his will, two sisters, and the issue of a deceased sister.

The widow having given bond, pursuant to the provisions of G. S. 31-33, the clerk of the Superior Court transferred the proceeding to the Superior Court for trial and issued citations to the interested parties.

Three issues were submitted to the jury. In answer to these issues the jury found that the paper writing offered for probate as the last will and testament of Lukie L. Tenner, deceased, was duly executed according to law; that subsequent to the execution of his will Lukie L. Tenner married Willie Mae Irby Tenner; and that the paper writing offered for probate, and each part thereof, is not the last will and testament of Lukie L. Tenner.

From judgment in accordance with the verdict, the propounders appeal.

*Weinstein and Muilenburg for Propounders, Appellants.*
*Ralph V. Kidd and Archibald C. Rufty for Caveator, Appellee.*

PER CURIAM. G.S. 31-5.3 provides that "a will is revoked by the subsequent marriage of the maker, except as follows. . . ." The two

exceptions set forth in the statute do not apply in the instant proceeding.

The contention of the propounders is that when a man marries a woman subsequent to making his will, that G. S. 31-5.3 does not revoke the will in its entirety, but revokes it only to the extent necessary to permit the wife to share in his estate as if her husband had died intestate, and otherwise his will is to remain in full force and effect. Pursuant to their theory of the law, they assign as errors the failure of the court to submit an issue to the jury as to such partial revocation of the will; the failure of the court to instruct the jury that "under the evidence in this case the entire will should not be revoked but only so much thereof should be revoked as may be necessary to allow the caveator to share in said estate to the extent provided by law if the testator had died intestate, otherwise the provisions of the will shall remain in full force and effect as written and attested to"; the court's submission to the jury of the third issue "Is said paper writing offered for probate, and each part thereof, the last will and testament of Lukie L. Tenner, deceased?"; and the court's instruction to the jury on the third issue to the effect that if the jury should find from the evidence that Lukie L. Tenner married Willie Mae Irby Tenner subsequent to the execution of his will, the jury should answer the third issue No.

The object of G. S. 31-5.3 is set out as plainly as language can do it. The statute provides that a person's subsequent marriage *ipso facto,* with certain exceptions, revokes all prior wills made by such person. The statute does not provide for any partial revocation, as contended by the propounders. *Sinclair v. Travis,* 231 N. C. 345, 353, 57 S. E. 2d 394, 400; *Potter v. Clark,* 229 N. C. 350, 49 S. E. 2d 636; *In re Will of Coffield,* 216 N. C. 285, 4 S. E. 2d 870; *In re Will of Watson,* 213 N.C. 309, 195 S.E. 772; *Moore v. Moore,* 198 N.C. 510, 152 S.E. 391; *In re Will of Bradford,* 183 N. C. 4, 110 S. E. 586; *Means v. Ury,* 141 N. C. 248, 53 S. E. 850. See *Sawyer v. Sawyer,* 52 N. C. 134; *Winslow v. Copeland,* 44 N. C. 17.

All of the propounders' assignments of error are overruled. In the trial below we find

No Error.