WAYNE McCRAW v. H. H. LLEWELLYN, ADMINISTRATOR OF THE ESTATE OF MINNIE LYNCH HIGGINS.

(Filed 12 January, 1962.)

**1. Quasi-Contracts § 1;   Executors and Administrators § 24a;   Wills § 2—**

Where a party declares upon a special contract to devise and bequeath property in consideration of personal services, and his evidence fails to establish a valid special contract but does tend to show that he rendered personal services under circumstances from which the jury might infer that the services were rendered and received upon expectation that compensation would be paid therefor, such party is entitled to have the issue of an implied contract submitted to the jury.

**2. Wills § 2;   Frauds, Statute of § 6b—**

A contract to devise property consisting of both personalty and realty comes within the statute of frauds, G.S. 22-2, and may not be established by parol.

**3. Same;   Frauds, Statute of § 2—**

The execution of a will devising and bequeathing all of the estate to plaintiff, the will being revoked by the subsequent marriage of testatrix, cannot constitute a memorandum of an asserted special contract of deceased to devise and bequeath all of her property to plaintiff in consideration of services rendered, since the mere disposing of the estate does not tend to show that such disposition was made in consideration of services rendered.

**4. Appeal and Error § 54—**

A new trial will be awarded when a cause has been submitted to the jury upon an erroneous theory of liability.

APPEAL by defendant from *Sink, E.J.,* 1961 Civil Term of SURRY.

Plaintiff seeks damages for breach of an asserted contract with Minnie Lynch Higgins, defendant's intestate, hereafter referred to merely as Minnie.

To support his claim he alleges these facts: Minnie was first married to Ernest Lynch. He died in May 1957. Plaintiff knew Ernest Lynch

and his wife Minnie from plaintiff's infancy until their deaths, a period of 37 years. During this period "there developed a relationship between the plaintiff and Earnest and Minnie Lynch that was as close as that of parent and child . . ." Plaintiff for many years rendered services to Minnie subsequent to the death of her husband Ernest. "(A)ll of these valuable personal services were rendered at the request of Minnie Lynch Higgins, then Minnie Lynch, and that Minnie Lynch Higgins, agreed that she would compensate the plaintiff by willing him her home and all of her personal property at her death; that the said Minnie Lynch Higgins, immediately after the death of Earnest Lynch, entered into this agreement with the plaintiff, and has reaffirmed this agreement on many occasions since the death of Earnest Lynch." Plaintiff relied on the promise so made. Minnie, complying with her promise, in fact executed a will dated 30 December 1958 devising and bequeathing to plaintiff all of her property remaining after the payment of her debts. Minnie, in April 1959, married James Higgins. She died 17 June 1959, leaving real and personal property valued at $26,580.17. The will dated 30 December 1958 was probated 22 June 1959, but the order admitting the will to probate was vacated 24 June 1959. He prays for damages in a sum equal to the value of the estate.

Defendant admitted Minnie executed the will of 30 December 1958 and her subsequent marriage. He denied Minnie was under any contractual obligation to plaintiff. The record states: "The case was tried and submitted to the jury on the theory of special contract and not quantum meruit. Verdict for the plaintiff and the defendant appeals."

*J. C. Barefoot, Jr. and Benjamin D. Haines for plaintiff appellee.*
*Woltz and Faw for defendant appellant.*

RODMAN, J. Plaintiff does not claim as a beneficiary under the will. He recognizes Minnie's marriage subsequent to 30 December 1958 constituted a revocation of her will. G.S. 31-5.3; *In re Will of Tenner,* 248 N.C. 72, 102 S.E. 2d 391. He predicates his right to recover for breach of an express contract.

Defendant's denial of the special contract placed the burden of proving the asserted contract on plaintiff. If he offered any evidence sufficient to support his allegation and to require compliance with the contract, he was entitled to have that issue submitted to the jury. If he failed to offer such evidence, but offered evidence of services rendered from which a jury could infer they were rendered and received upon the expectation that compensation would be paid because not gratuitously rendered, plaintiff would be entitled to recover the

fair value of the services rendered. As said by *Stacy, C.J.,* in *Ray v. Robinson,* 216 N.C. 430, 5 S.E. 2d 127: "It is established by a number of decisions, that in the absence of some express or implied gratuity, usually arising out of family relationship or mutual interdependence, services rendered by one person to or for another, which are knowingly and voluntarily received, are presumed to be given and accepted in expectation of being paid for, and the law will imply a promise to pay what they are reasonably worth." But this promise which the law implies is not expanded to imply a promise to pay at death and by will. If the time for payment is to be extended to the death of the recipient of the services, there must be agreement to that effect. *Hodge v. Perry,* 255 N.C. 695; *Grady v. Faison,* 224 N.C. 567, 31 S.E. 2d 760; *Edwards v. Matthews,* 196 N.C. 39, 144 S.E. 300; *Brown v. Williams,* 196 N.C. 247, 145 S.E. 233; *Miller v. Lash,* 85 N.C. 51.

Plaintiff's parol evidence amply supports his allegation of the close and affectionate relationship existing between him and Minnie. Several witnesses testified to declarations by Minnie of her affectionate regard for plaintiff and her desire that plaintiff should, upon her death, have all of her property. No witness testified to a declaration by Minnie that she had by contract obligated herself to devise and bequeath her property to plaintiff. There was evidence that plaintiff, who resided in Greensboro, went to Surry County when Minnie's first husband died and assisted her in making funeral arrangements, that he visited her on several subsequent occasions, and rendered her other services. Whether plaintiff is entitled to recover on an implied contract to pay for the services rendered (not gratuitously furnished) need not now be determined. Defendant, maintaining that plaintiff's sole remedy, if any he had, was on an implied contract, tendered issues determinative of questions arising on such a theory. The court declined to submit the issues so tendered. It submitted issues relating to a specific contract to devise. Defendant's exception to the issues submitted and to the refusal to submit the issues tendered and the assignments of error based on these exceptions present for determination the correctness of the theory of the trial adopted by the court.

Minnie's estate consisted of both real and personal property. A contract to dispose of such estate by will is a contract controlled by our statute of frauds which provides: "All contracts to sell or convey any lands . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith . . ." G.S. 22-2; *Humphrey v. Faison,* 247 N.C. 127, 100 S.E. 2d 524; *Jamerson v. Logan,* 228 N.C. 540, 46 S.E. 2d 561. A denial of the alleged contract suffices to require compliance with the statute if plaintiff is to recover on the contract alleged. *Humphrey v. Faison,*

*supra; Grantham v. Grantham,* 205 N.C. 363, 171 S.E. 331; *Weant v. McCanless,* 235 N.C. 384, 70 S.E. 2d 196; *Chason v. Marley,* 224 N.C. 844, 32 S.E. 2d 652; *Embler v. Embler,* 224 N.C. 811, 32 S.E. 2d 619.

Minnie's will dated 30 December 1958, by Item One directs her executor to pay her debts, place a monument at her grave, and provide for the care of her cemetery lot. Items Two and Three read as follows:

"Item Two

"I will, devise and bequeath to Wayne McCraw all of my property of every sort, kind and description, both real and personal, consisting of everything of every nature, which is left over after carrying out the provisions of Item One.

"Item Three

"I hearby authorize and direct my executor hereinafter named to sell all of my property, both real and personal, in such manner, and at such prices and upon such terms as he may deem proper or do any act which in his opinion is for the best interest of estate and after carrying out the provisions in Item One distribute remainder to Wayne Mc-Craw."

Item Four, the remaining item of the will, named defendant as executor with "authority to sell any property or do any act which in his opinion is for best interest of estate."

This will was deposited with plaintiff for safekeeping. There is evidence from which the jury could find that James Higgins knew of the will prior to his marriage to Minnie, and both before and subsequent to Minnie's death expressed his approval of the provisions of the will. He died prior to the institution of this action.

The crucial question then for decision is: Does the will dated 30 December 1958 suffice as a memorandum or note of a contract by Minnie to will her property to plaintiff? The answer, unless we depart from well-established legal principles, must be in the negative.

The statute of frauds deals with contracts to convey lands, not with rights to dispose of property by will as provided by G.S. 31-1. "A contract is an agreement between two or more persons upon sufficient consideration to do or to refrain from doing a particular act." *Belk's Dept. Store v. Ins. Co.,* 208 N.C. 267, 180 S.E. 63; *Campbell v. Campbell,* 234 N.C. 188, 66 S.E. 2d 672; *Bank v. Slaughter,* 250 N.C. 355, 108 S.E. 2d 594.

" 'One of the essential elements of every contract is mutuality of agreement.' *Croom v. Lumber Co.,* 182 N.C. 217, 108 S.E. 735. And 'mutuality of promises means that the promises to be enforceable must each impose a legal liability upon the promisor. Each promise then becomes a consideration for the other.' " *Kirby v. Board of Education,* 230 N.C. 619, 55 S.E. 2d 322; *Smith v. Barnes,* 236 N.C. 176, 72 S.E.

2d 216; *Brown v. Williams, supra; Dodds v. Trust Co.,* 205 N.C. 153, 170 S.E. 652.

The mere exercise of the statutory right to dispose of one's property at death is not of itself evidence that the disposition directed is compelled by a contractual obligation.

The writing must show the promise or obligation which the complaining party seeks to enforce. *Yeager v. Dobbins,* 252 N.C. 824, 114 S.E. 2d 820; *Deaton v. Coble,* 245 N.C. 190, 95 S.E. 2d 569; *Burriss v. Starr,* 165 N.C. 657, 81 S.E. 929.

"An aggrieved party may recover for the breach of a contract, made upon sufficient consideration, that the promisor will make him the beneficiary of a bequest or devise in his will, but such a contract must be established by the mode of proof legally permissible in establishing other contracts." *Halsey v. Snell,* 214 N.C. 209, 198 S.E. 633.

"The agreement must adequately express the intent *and obligation* of the parties. Parol evidence cannot be received to supply anything which is wanting in the writing to make it the agreement on which the parties rely." (Emphasis added.) *Chason v. Marley, supra; Keith v. Bailey,* 185 N.C. 262, 116 S.E. 729; *Hathaway v. Jones,* 194 N.E. 37; *Holsz v. Stephens,* 200 N.E. 601; 106 A.L.R. 737; *White v. McKnight,* 143 S.E. 552; *Brought v. Howard,* 249 P. 76, 48 A.L.R. 1347; 37 C.J.S. 680; 49 Am. Jur. 636.

In *Luders v. Security Trust & Savings Bank,* 9 P. 2d 271, the will recited the property was willed to appellant "for her faithful service to me." There, as here, the will was subsequently revoked. The court, in answering the argument that the quoted language sufficed to meet the requirement of the statute of frauds, said: "A potential factor in furtherance of fraud would be engendered were a will containing a simple bequest permitted to operate as evidence of a binding contract to make such a bequest."

Plaintiff has failed to establish an enforceable contract to devise as alleged in the complaint. The erroneous theory adhered to over defendant's objection requires a new trial. The parties may, at that time, present such evidence as they may have relating to an implied promise to pay for services rendered.

New trial.