No. 38,007

In the Matter of the Estate of George A. Johannes, Deceased. LESLIE TRUE, et al., *Appellants,* v. R. L. FUNK and WILLIAM SCHMITT, Executors of the last will and testament of George A. Johannes, Deceased, et al., *Appellees.*

(227 P. 2d 148)

Opinion filed January 27, 1951.

*Harry E. Miller,* of Hiawatha, argued the cause, and *Robert M. Finley,* of Hiawatha, was with him on the briefs for the appellants.

*Roy V. Nelson,* of Hiawatha, argued the cause, and *Richard R. Funk,* of Topeka, *Chester C. Ingels,* of Hiawatha, *H. R. Fatzer,* attorney general, *C. Harold Hughes,* assistant attorney general, and *Paul E. Wilson,* of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from a judgment of the district court that the will later referred to was entitled to probate.

As no question of procedure has been raised, we note briefly that petitions were filed in the probate court of Brown county, alleging that George A. Johannes, a resident of that county, died February 17, 1948, testate, and setting forth the names of his heirs at law and the legatees and devisees under his will, and praying that the will be admitted to probate and letters testamentary be issued to the executors therein named. To these petitions the persons named as heirs filed their written objections alleging that the will had been revoked; that at the time of its execution Johannes was of unsound mind and under restraint, and also that the will was not executed as provided by statute in that it was not signed at the end thereof nor attested as so provided. At the hearing the probate court ordered the will admitted to probate and appointed the executors named. In due time the objecting heirs perfected their appeal to the district court. At the trial in the district court the issues presented by the pleadings were fully tried. That court found that the will was properly executed according to law and was unrevoked; that the sequence of writing of the will was continuous and in proper order and executed at the end thereof after the will had been completed; that the will should be admitted to probate and of record in the probate court, and the order of the probate court admitting the will to probate should be affirmed, and it entered judgment accordingly. From the judgment the objecting heirs have appealed to this court.

Before taking up appellants' specifications of error we note that the will in form as presented to the probate court is on a single sheet of paper at the top of which appears "Jan. 3, 1923, Horton, Kans." following which is an opening paragraph stating that "I, George A. Johannes . . . make this my last will and testament" followed by eight numbered paragraphs, which we summarize. First, provided for payment of his debts and for his burial; second, designated his place of burial; third, provided for mausoleum; fourth, provided who was to prepare and bury his body; fifth, directed that specified real estate be transferred to the board of trustees of the State Orphans Home at Atchison for the benefit of the unfortunate inmates of the home; sixth, obliterated; seventh, left the balance of his estate to the Morrill Free Public Library of Hiawatha; eight, appointed William Schmidt and R. L. Funk, executors. At the end thereof appears the signature of the maker George A. Johannes and of three witnesses: L. Reynolds, L. W. Shannon and R. L. Funk.

During the course of the trial it was stated that Reynolds and Shannon were both dead. The proponents showed by R. L. Funk that he was the scrivener of the will and that it was completed in all its parts before being signed by the testator and attested by the witnesses. The objectors produced a handwriting expert who testified in his opinion that the seventh and eighth paragraphs were written into the will after Johannes had signed his name and the proponents produced a handwriting expert who testified to the contrary. Although recognizing the rule that this court will not review conflicting evidence to determine a fact, appellants direct attention to decisions such as *In re Estate of Kemper,* 157 Kan. 727, 145 P. 2d 103, holding that where the controlling evidence on an issue of fact is written or documentary in character or in the form of depositions or transcripts, it is the responsibility of this court to decide the issue, and contend that the will being in writing we are in a position to determine from the will itself whether certain paragraphs of the will were written over the signature of Johannes, and whether he signed at the end of the will. The contention cannot be sustained. On the face of the will Johannes did sign at the end. For us to reach a different conclusion we would have to resolve ourselves into handwriting experts and conclude that paragraphs seventh and eighth were written over Johannes' signature. That was the issue on which Funk and the two handwriting witnesses testified. That was an issue to be determined by the trial court and it is not one

which we can determine by inspection of the original will. The finding of the trial court that the sequence of writing of the will was continuous, all made at the same time and in proper order and executed according to law at the end thereof after the body of the will had been completed, is based upon substantial testimony and is conclusive on appeal.

The important question in this appeal is whether the will was revoked, and as to that phase no serious dispute of fact is involved. Mr. Johannes had never married and the objectors are his collateral heirs. On January 3, 1923, he was in a hospital at Horton, Kan., to undergo an operation. Shortly before that event his will was written by Dr. R. L. Funk and was executed by the testator as soon as it was prepared. At that time the will bore no alterations, cancellations, erasures or obliterations. Mr. Johannes recovered from the operation and returned to his farm home in Brown county, where he remained until shortly before his death on February 17, 1948, when he moved into a hotel room in Hiawatha. Mr. Johannes had left his motor car in front of his doctor's office. After his death a search of the car was made and the will was found in the glove compartment, and in the car were many other papers including canceled checks, postal savings certificates, insurance policies and abstracts of title. At that time the condition of the will showed soiled places along the lines where it had been folded, and that the lower quarter was soiled perhaps from contact with other papers or exposure. The sixth paragraph, which was in the lower quarter of the page, had been so obliterated by erasure that all that now appears of that paragraph is "Sixth, I". What was originally in that paragraph cannot be determined from an inspection of the will.

The gist of appellants' argument that the will had been revoked is that under the statute (G. S. 1947 Supp. 59-611) revocation in part is not permitted; that so far as the evidence discloses, the will was at all times in the possession of the maker; that under the authorities generally and under our decisions in *Sellards v. Kirby*, 82 Kan. 291, 298, 108 Pac. 73, 136 Am. St. 110, 28 L. R. A. (n. s.) 270, and *In re Kemper*, supra, at page 737, where a mutilated will is found among the testator's effects the presumption arises that the mutilation was his own act done with a revoking purpose and, in effect, that the presumption was not overcome and the obliteration made was sufficient to establish intent of Johannes to revoke his will.

Appellees do not dispute the rules of law contended for by the appellants but they direct attention to the fact that Johannes kept

and preserved the will along with other valuable papers; that Johannes obliterated only paragraph sixth leaving unmolested paragraphs five and seven, which disposed of his estate, and argue that had he intended revocation of the will he would have done away with the entire document; that all of the circumstances overcome any presumption that his act in obliterating paragraph six was intended as a revocation of his entire will; that obliteration of paragraph sixth of the will was made with the intention it should be revoked, but that such act was futile, and that the will stands as it is.

Many questions have arisen with respect to alterations made in a will after its execution and whether those alterations result in a revocation of all or part of the will and exhaustive annotations may be found in 62 A. L. R. 1367 and 115 A. L. R. 710. Under our probate code a will may be revoked in whole or in part by operation of law as provided in G. S. 1947 Supp. 59-610, provisions not here applicable. Under the next section, 59-611, it is provided that except as provided in 59-610 no will shall be revoked or altered otherwise than by some other will in writing, or by some other writing of the testator so declaring and executed with the same formalities with which the will itself was required to be executed "or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself or by another person in his presence by his direction." In the instant case the question is the effect of the obliteration of the sixth paragraph of the will.

In view of the fact that neither party contends that under our statute there may be partial revocation by any act specified in the language quoted above, we shall not dwell at any length on the statutes in some jurisdictions, which permit revocation in whole or in part, and on our own statute. The great weight of authority is that under statutes similar to ours, partial revocation is not permitted. See the annotations above mentioned and 68 C. J. 815; 57 Am. Jur. 346; Rollison on Wills, 250; Atkinson on Wills, 377; Page on Wills, Lifetime Ed. § 441; Schouler on Wills, 6th Ed. § 600; Underhill on Wills, § 229; and 1 Woerner (3rd Ed.) on American Law of Administration, 132. The leading case to the contrary, *Bigelow v. Gillott*, 123 Mass. 102, 25 Am. Rep. 32, decided in 1877, has been criticized and distinguished in other jurisdictions. Our only comment is that the conclusion there made that there could be partial revocation was predicated on an interpretation and construction that the statute immediately under consideration did not have

the effect of changing previous legislation permitting partial revocation.

We hold that under our statutes there can be no revocation of a part or parts of a will by burning, tearing, canceling or obliterating such part or parts, with the effect that those portions become nullities and the remainder of the will stands.

Without elaborating, it is always to be borne in mind that the effectiveness of any act of revocation must be done by the testator or by someone at his direction, with intent to effect a revocation and that both the act and the intent must exist. Mere intent to revoke without more is not effective, and neither is the act where the intent does not exist. For a discussion on this phase see *In re Kemper*, supra. And it may be added that intent coupled with an act not permitted by the statute and not meeting the statutory requirement is not sufficient. On the other hand, if the act done with intention actually destroys the testamentary dispositions so that the will as altered, if enforced, could constitute a new and different will, it should not be admitted, for that in effect would recognize validity of partial revocation.

What appears to us to be the correct rule is that if the revocation attempted is only partial and the statutes do not permit partial revocation, the attempted revocation is innocuous and the will should be probated in its original form if the provision as originally existing, but attempted to be revoked, can be determined from an inspection of the will itself or can be ascertained by extrinsic proof. It would appear that ordinarily if the attempted partial revocation was by cancellation, the original wording would not be destroyed to such an extent it might not be read, but that where the original words were obliterated, extrinsic proof would be required. Authority may be found that the part of the will which remains may be probated, even if the contents of obliterated parts cannot be ascertained, unless it is observable that the missing part would affect or alter the remaining part, while other courts hold that the entire contents of the will must be proved before the will can be admitted to probate. This matter is discussed in some of the authorities previously cited.

In the will presently before us the first four paragraphs make provision for payment of debts, for burial, for a mausoleum, and for a named person to take care of burial; the fifth and seventh paragraphs make disposition of the testator's property, and the obliterated sixth paragraph, whatever its terms may have been,

was between the two paragraphs which made that disposition. To assume that if known, the provisions of the obliterated sixth paragraph did not affect the property going to the Morrill Free Public Library as the residuary legatee, is an assumption we decline to make. If we assume for the purpose that being between two paragraphs making dispositions that the sixth paragraph also made a disposition, then absent the sixth paragraph the will offered for probate is not the will executed by the testator. If proof is available and shown, it may develop either that the obliterated paragraph was not dispositive or if it was what its terms were, and if the latter that the disposition should be carried out notwithstanding the obliteration which would be ineffective under the statute as a partial revocation. In such event the will should be admitted to probate. If such proof is not available, it would follow that the will offered for probate was not the will executed by the testator, and probate should be refused.

From what has been said, it follows that the judgment of the district court that the will be admitted to probate must be reversed, and that the cause should be remanded to that court with instructions to receive further proof, if offered by the proponents of the will, as to the content of the obliterated sixth paragraph, and if such content be established by sufficient proof to admit the entire will, and if such content be not so established, to deny probate, and

It is so ordered.