**KERFEL et, Plaintiffs-Appellants, v. TRIMBACH, Admrx., Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2228.   Decided April 2, 1953.

Wessel, Wessel & Wessel, Hamilton, for plaintiffs-appellants.
Hon. Irvin L. Holderman, Dayton, for defendants-appellees.

## OPINION

By THE COURT:

This is a will contest case wherein it is urged that the court erred in instructing the jury to return a verdict for the defendants at the close of all the evidence.

The question presented is whether or not the will of Franziska Behr, executed on January 28, 1929, was revoked by the testatrix when she caused certain lines to be drawn through Item Eight, which reads as follows:

420

"All of the proceeds of the residue and remainder of my estate, both real, personal and mixed, wheresoever situate and of whatsoever kind, nature and discription, I give, devise and bequeath unto The Dayton Savings & Trust Company of Dayton, Ohio, as Trustee, in trust nevertheless for the benefit of my niece, Clara Otto, to be used for her use and benefit in the manner hereinafter designated and for such other individuals as I shall hereinafter name."

The record reveals that The Dayton Savings and Trust Company went out of business shortly after the execution of the will, and also that Clara Otto pre-deceased the testatrix, so it is obvious that no part of the Eighth Article could have become effective even though it had not been cancelled. Therefore the obliteration in no way changed the terms of the will. **Sec. 10504-47 GC** defines the manner in which a will may be revoked, to-wit:

"A will shall be revoked by the testator tearing, canceling, obliterating or destroying it with the intention of revoking it, by the testator himself, or by some person in his presence, or by his express written direction, or by some other will or codicil, in writing, executed as prescribed by this title, or by some other writing, signed, attested and subscribed, in the manner provided by this title for the making of a will, but nothing herein contained shall prevent the revocation implied by law, from subsequent changes in the condition or circumstances of the testator."

The evidence most favorable to the plaintiff is that on numerous occasions the testatrix expressed her desire to make a new will. There is some evidence of the execution of a new will, but which the appellant admitted in the trial court did not meet the requirements necessary to constitute a revocation. That the testatrix produced the will on one occasion and said: "I want you to see this because this will is cancelled. * * * Here, look at it good; I have written all over it. * * * You can see here what I have done. * * * I have cancelled that." The evidence discloses that she was pointing to the alterations when the last two statements were made. Under the terms of the statute when there is an obliteration of a part of a will the intention of the testator accompanying the act must govern, and if a revocation of the entire will was not intended there shall be no revocation. There can be no partial revocation. **Giffin v. Brooks, 48 Oh St 211; Coghlin v. Coghlin, 79 Oh St 71.** The trial court was of the opinion, and we think properly so, that where the act of obliteration is not so conclusive as to supply an intention to revoke the entire will, the act must be accompanied with a clear intention

on the part of the testator to destroy it before there can be a revocation.

It appears to us that the statements of testatrix constitute merely an expression of her opinion as to the effects of the alterations, and do not reflect upon her intentions at the time the acts were committed. To effectuate revocation by an act done to the will there must be a concurrence of the act of cancelling the same, together with an intention to revoke the entire will. **Cummings v. Nichols, 53 Oh Ap 520,** 5 N. E. (2d) 923.

We find no evidence in the record indicating an intention to revoke the will at the time the alterations were made, but as Judge Cecil pointed out, the fact the will was in her possession up to the time of her death is strong evidence to the effect there was no intention to revoke.

Finding no error in the record, the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.