CAROL C. JOHNSON *v.* MAURICE B. JOHNSON ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 87097

Memorandum filed October 2, 1958

*Carol C. Johnson,* pro se.

*T. Holmes Bracken,* of New Haven, for defendant Maurice B. Johnson.

*Gumbart, Corbin, Tyler & Cooper,* of New Haven, for defendant Andre F. Johnson.

PHILLIPS, J. There are two essentials to the revocation of a will. The first is an intent in the testator to revoke it, and the second, an act done as prescribed by the statute. General Statutes § 6956; *Harchuck* v. *Campana,* 139 Conn. 549, 552.

There was clearly no intent to revoke the whole will here. From what the testatrix said and did I find that her intent was to change the beneficiary of article fourth and to revoke articles eighth and ninth. She probably intended to have a new will drawn to incorporate these changes, but this she never did. The statute provides: "No will or codicil shall be revoked in any other manner except by burning, cancelling, tearing or obliterating it by the testator . . . ." By substituting the name "Andre F." for "Carol Clement" Johnson in the fourth article, the testatrix made an illegal and ineffectual attempt to alter this article. *Miles' Appeal,* 68 Conn. 237, 245. By cutting out with scissors the eighth and ninth articles, which contained minor bequests, she effectively revoked these articles under the statute. Id. 246.

Alterations made by a testator in a duly executed will which leave the original provisions decipherable and which are not made with the formalities required do not revoke the instrument in whole or in part, unless the intention so to do is made out, and the will must be established as originally executed. *In re Knapen's Will,* 75 Vt. 146, 150. The attempted alteration in article fourth did not revoke the entire will, and it was ineffectual to change that article.

The appeal is sustained, and judgment may enter that the instrument dated May 11, 1956, and offered for probate by the executor as the will of Anne Andre Clark is her last will and testament, with the eighth and ninth articles eliminated and the fourth article to be given effect as originally typewritten, naming Carol Clement Johnson as beneficiary of that article, and that the clerk transmit a certified copy of the judgment to the Probate Court for the district of Branford.