Argued April 9, affirmed July 2, petition for rehearing denied September 5, petition for reconsideration of petition for rehearing denied October 14, 1969

In the Matter of the Estate of
## NELL KATHRYN McCUE, Deceased

PRICE, *Respondent, v.* WOOD, *Appellant.*
456 P2d 500

*Norma Paulus* and *Steven Anderson*, Salem, argued the cause and filed briefs for appellant.

*Ronald G. Young*, Albany, argued the cause for respondent. With him on the brief were Long, Bodtker, & Young, Albany.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LANGTRY,* Justices.

SLOAN, J.

On February 18, 1965, the decedent, Nell Kathryn McCue executed a will. The parties have stipulated that the will was valid when executed. In May 1967, following Miss McCue's death, the will was found in a drawer in her office desk. The name of the principal beneficiary of the will, and the person named as executor, (the will used the word "administrator") had been excised from the typewritten pages by a sharp instrument. Petitioner, Gaylord Wood, asserts that it was his name that had been excised. The parties appear to assume that Wood had been named. Wood sought to

---

* Langtry, J., did not participate in the decision of this case.

have the will admitted to probate. The trial court refused to admit the will. In denying the will, the court used the presumption that the mutilation of a will that has been in the possession of a testator was done by the testator with an intent to revoke. *In re Bond's Estate*, 1943, 172 Or 509, 143 P2d 244. Petitioner appeals.

For several years prior to her death Miss McCue had been the owner and operator of a business school in Salem; for the last few years before her death, the school had been moved to Albany. The will, as indicated, was found in a drawer of the desk Miss McCue used at the Albany school. The desk was in an office that was accessible to other persons. The people who found the will testified that in seeking to find a will they had looked in this desk drawer on a previous day and had not seen a will. The subsequent search of the drawer, which did disclose the will in question, in a plastic container, was a more careful, thorough search. The drawer also contained Miss McCue's checkbook and other bank records. There is no evidence that she possessed a safety deposit box or other more customary place for the keeping of valuable papers.

■ Petitioner relies on the evidence of the access to the desk drawer by other persons to overcome the presumption of revocation. Petitioner reads *In re Bond's Estate, supra,* to hold that the presumption will not apply unless the evidence is conclusive that no other person would have had access to the will. It would defeat the purpose of the presumption to require evidence of that positiveness. The reason for the existence of the presumption has been summarized from the cases and expressed in the following language:

"* * * The reason for this presumption is the same as that for the presumption which arises

where the will cannot be found on testator's death, namely that it is more reasonable to suppose that the will was destroyed or canceled by testator in his lifetime.* It is quite common, and entirely lawful, for testator to tear or cancel a will in order to revoke it, but it is unlawful, and much less customary, for third persons to tear a will, or cancel it, in order to make it appear as though testator had canceled or revoked it.

"This rule is sometimes stated in terms of the burden of proof, and it is said that the burden of proof rests upon the proponents of a mutilated will to show that it was not revoked.*" (*Footnotes omitted). 3 Page, Wills, (Bowe & Parker Rev. 1961) § 29.140, p. 701.

■ The evidence does not justify the inference, urged by petitioner, that Miss McCue did not have continued possession of her will. It is only guesswork to assume that others would have taken the will and mutilated it.

None of the persons who may have had access to the desk drawer had any interest in Miss McCue's estate or her will. There is no evidence to indicate that any of these persons had any reason to harm Wood. Her only heirs, who were the only persons who could have had such a stake in the intestacy of Miss McCue, lived far away and had no access to the will. Accordingly, to uphold petitioner we would have to assume that an intermeddler saw the will and for some malicious reason carefully obliterated the name of the beneficiary in three places and also at the place where the executor of the will was named. It is apparent from the spaces cut in the will that the cutting was neatly, deliberately and intentionally done. The cutting could not have been a hurried act. The care used to cut out the name in the four places mentioned does not fit into a picture of the act of an intermeddler.

Even though the evidence is scant, it more readily leads to the inference that the mutilation was performed by Miss McCue rather than by some person bent on malicious interference.

■■ It is true that the burden to prove revocation is on the party asserting the affirmative of that issue. *Van Wassenhove et al v. Heltzel et al,* 1956, 208 Or 207, 218, 300 P2d 783. However, once the presumption is available, as it was in this case, the evidence to overcome it must be clear and satisfactory. The fact that other persons may have had access to the will is not sufficient to overcome the presumption. 3 Page, Wills, *supra,* § 29.142, p 706. The trial court properly invoked the presumption.

■ Petitioner also relies on *Minsinger et al v. U. S. Nat. Bank et al,* 1961, 228 Or 218, 364 P2d 615, to claim that this was only a partial revocation and, therefore, the will should be admitted as it was originally executed. In the *Minsinger* case we affirmed the trial court's finding that the changes made by the testator in that case were not done with an intent to revoke the will but merely to change its provisions. Here there was not merely a change in the provisions of the will but a complete obliteration of the only consequential dispositive provisions of the will. All that remained was an insignificant bequest of some books and some precatory suggestions to the executor.

The evidence justified the trial court's determination that the will was revoked.

Affirmed.